UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

  GERALDINE GASS,

                Plaintiff,                          **ORDER**

      -against-                            22-CV-01152 (ARR) (JMW)

  TARGET,

                Defendant.

-------------------------------------------------------------X

**A P P E A R A N C E S:**

Julio C. Galarza
**Galarza Law Office**
5020 Sunrise Hwy, 2nd Fl
Massapequa Park, NY 11762
*For Plaintiff*

Sal F. DeLuca
Ian E. Hannon
**Simmons Jannace DeLuca, LLP**
43 Corporate Drive
Hauppauge, NY 11788
*For Defendant*

**WICKS,** Magistrate Judge:

       This is a removed personal injury action arising out of a slip and fall Plaintiff Geraldine Gass alleges took place while shopping at a Defendant Target store.  An initial conference was promptly set by the Honorable Steven Tiscione.  On June 13, 2022, before the initial conference could take place, Plaintiff's counsel filed a letter with the Court stating, "[t]his morning, my client passed away unexpectedly" ("June 13 Letter").  (DE 9.)  Counsel further requested the Court hold the case in abeyance for 90 days to afford Plaintiff's family, including the Plaintiff's two adult children, time to grieve and to allow his office an "opportunity thereafter to consult

1

with the decedent's children to ascertain if this matter could/would be prosecuted any further." (*Id.*) The June 13 Letter states that defense counsel consented to this request. (*Id.*) Judge Tiscione thereafter granted.

On September 12, 2022, the matter was reassigned to the undersigned.[1] That same day, Plaintiff's counsel submitted another letter requesting that the Court continue to hold this matter in abeyance for an additional 90 days because Plaintiff's family had not yet commenced a Surrogate's Court proceeding, was still trying to locate her last will and testament, and because counsel had not yet had a chance to consult with Plaintiff's surviving children. (DE 11.) On September 13, 2022, the Court issued an order construing the June 13 Letter as a suggestion of death under Federal Rule of Civil Procedure 25. (Electronic Order, dated Sept. 13, 2022.) While Rule 25(a)(1) requires that a motion for substitution be made within 90 days after the filing of the suggestion of death or the action must be dismissed, the Court extended the 90-day deadline through December 13, 2022, pursuant to Rule 6(b). (*Id.*) (citing *Kernisant v. City of New York*, 225 F.R.D. 422, 427 (E.D.N.Y. 2005)).

Thereafter, the parties indicated a resolution had been reached. (DE 12.) Certain extensions were given for the parties to finalize settlement, but on February 14, 2023, Plaintiff wrote to the Court stating that settlement could not be finalized because although Plaintiff's surviving sons had approved of the settlement, a representative of Plaintiff's estate had yet to be appointed and therefore counsel was without authority to execute documents on the estate's behalf. (DE 14.) A status conference was held on March 7, 2023, to discuss the issues raised in Plaintiff's counsel's letter. (DE 15.)

---

[1] The case was first reassigned to Magistrate Judge Lee G. Dunst, who later recused himself.

Before the Court is Plaintiff's counsel's second motion for an extension of time to file a motion to substitute under Rule 25. (DE 17.) Plaintiff's counsel contends that the 90-day period to file a motion to substitute parties never commenced because a formal suggestion of death was never filed and was never served on Plaintiff's sons. (*Id.*) Alternatively, counsel seeks a further 90-day extension for the Plaintiff's sons or a proper party to file a motion to substitute. (*Id.*) Counsel simultaneously filed a Suggestion of Death of Plaintiff Geraldine Gass and certified that it was served on defense counsel via ECF and Plaintiff's surviving sons, John Vincent Gass and Dennis L. Gass, Jr., by mail. (DE 16.) Defense counsel again consents to the request.

## DISCUSSION

Rule 25(a)(1) provides a mechanism for substituting a party in the event of a litigant's death. *See* Fed. R. Civ. P. 25(a)(1).[2] Rule 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

*Id*. A "proper party" for substitution under Rule 25(a)(1) can be one of three categories of a person: 1) a successor of the deceased party – a distribute of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, 2) a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate, or 3) the primary beneficiary of an unprobated intestate estate which need not be probated. *See Tankleff v. Cnty. Of Suffolk,* No. 09-C-1207(JS)(AYS), 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016); *Natale v. Country Ford Ltd.,* 287 F.R.D. 135, 137 (E.D.N.Y.

---

[2] "A motion to substitute parties is a non-dispositive pretrial matter within the scope of [a magistrate judge's] authority under 28 U.S.C. § 636(b)(1)(A)." *Kumaran v. Nat'l Futures Ass'n*, 1:20-cv-03668, 1:20-cv-03871, 1:20-cv-03873 (GHW) (SDA), 2022 WL 1749133, at *1 n.1 (S.D.N.Y. May 31, 2022) (citation omitted).

3

2012). Under New York law, a "representative" is a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate. *Natale,* 287 F.R.D. at 137 (citing N.Y. EPTL § 1-2.13; *Allen ex rel. Allen v. Devine*, No. 09-CV-668 ADS ETB, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011)).

### A. Whether the June 13 Letter Constitutes a Suggestion of Death

The first issue the Court must address is whether the June 13 Letter constitutes a proper suggestion of death. Plaintiff asserts that it does not. (*See* DE 17.) This is significant because if the June 13 Letter constitutes a suggestion of death, the 90-day period to file a motion to substitute commenced on June 13, 2022. If it does not, then the 90-day clock did not start to run until the "formal" suggestion of death was filed by Plaintiff's counsel on March 9, 2023.

A letter filed via the Court's electronic filing system is sufficiently formal to the Court and opposing party to qualify as a statement of death to trigger the 90-day substitution period under Rule 25. *Coleman v. Sys. Dialing LLC*, No. 15-CV-3868 (DLC), 2015 WL 9275684, at *3 (S.D.N.Y. Dec. 18, 2015). In *Coleman*, plaintiff's attorney served, via ECF, a letter motion seeking to adjourn a scheduled pretrial conference because of the plaintiff's death. *Id.* The letter began by stating that the plaintiff had died. *Id.* The Court found this adjournment letter to be sufficiently formal notice to the Court and defendants of the plaintiff's death to trigger the 90-day substitution period under Rule 25. *Id.* The Court found that "Rule 25(a)(1) does not require that such statements include magic words or come in specific forms" and that the fact that it came accompanied with a request for an adjournment does not nullify the statement of death. *Id.* Rather, "the death is what prompted the request for adjournment in the first place." *Id.* There is no set "form" for a suggestion of death.

4

So too here, Plaintiff's counsel filed a letter on ECF[3] which clearly stated that "[t]his morning, my client passed away unexpectedly." (*See* DE 9.) While the letter sought an adjournment of the initial conference, what prompted the request was the Plaintiff's passing. (*See id.*) Accordingly, the June 13 Letter constitutes a statement of death to trigger the 90-day substitution period under Rule 25.

## B. Service of the Suggestion of Death

Next, the Court must address whether the June 13 Letter was required to be served on the Plaintiff's sons. Plaintiff's counsel contends the 90-day deadline to file a motion to substitute does not commence where the immediate family members of a deceased litigant are not parties to the litigation and are not personally served with copies of a suggestion of death pursuant to Rule 4. (DE 17) (citing *Ransom v. Brennan*, 437 F.2d 513, 516-19 (5th Cir. 1971); *Green & Pugliese v. Novartis Pharm. Corp.*, Nos. 03-06-0974, 03-06-0745 (M.D. Tenn. Aug. 16, 2011). The Second Circuit has declined to follow this approach.

"[Rule 25] does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). And so, "it necessarily follows from *Unicorn Tales* that if a statement of death need not even identify the representative — and indeed, that a representative need not even exist at the time of service — for the 90-day clock to start running for the served party, then it certainly is not required that the statement be served on that representative." *Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir.), cert. denied, 142 S.

---

[3] Service on Defendant via ECF is an accepted method of service of a suggestion of death pursuant to Rule 25. Fed. R. Civ. P. 25.; Fed. R. Civ. P. 5(b)(2)(E) (providing for service by the court's electronic-filing system); *see, e.g., Int'l Union of Painters & Allied Trades, Dist. Council No. 4 v. Hosek Contractors, Inc.*, No. 519CV1406FJSML, 2021 WL 1375649, at *2 (N.D.N.Y. Apr. 12, 2021) ("As set forth above, Plaintiffs have filed and served the requisite Suggestion of Death by filing it on the Court's electronic filing system CM/ECF.")

Ct. 598 (2021); *see also Steward v. City of New York*, No. 04-CV-1508 CBA RML, 2007 WL 2693667, at *3 (E.D.N.Y. Sept. 10, 2007) (finding that successors do not need to be served with the suggestion of death).

Therefore, the 90-day deadline by which to file a motion to substitute in this action commenced upon the *filing* of the June 13 Letter despite the fact that it was not served on the anticipated substituted parties.[4]

### C. Whether Further Extensions of the Deadline are Warranted

The 90-day clock to file a substitution motion that began to run upon the filing of June 13 Letter was set to expire on September 13, 2022. Just prior to the deadline, Plaintiff's counsel sought an extension, and the Court granted an additional 90 days. (DE 11; Electronic Order, dated Sept. 13, 2022.) That 90-day deadline has since expired.

A court may extend the deadline to file a motion to substitute if good cause is shown pursuant to Rule 6(b). Fed. R. Civ. P. 25(a)(1). Rule 6(b) "is a rule of general application giving discretion to the trial court to enlarge time limits whether before or after they have expired." *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (citing *Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988) ("The granting or denial of a motion to extend time . . . lies within the discretion of the district court"). "Because this Court may exercise its discretion under Rule 6(b)(1) only for 'cause shown,' a party must demonstrate some justification for the issuance of the enlargement order." *Kernisant*, 225 F.R.D. at 431. The standard applied to motions to extend made after the relevant time period has already expired, is one of "excusable neglect." Fed. R. Civ. P. 6(b).

---

[4] Even if the Court were to accept Plaintiff's argument that the 90-day clock did not begin to run until the recent suggestion of death was filed (DE 16-17), the same would nonetheless be deficient because Plaintiff's surviving children were not served in compliance with Rule 4.

The Supreme Court has dictated a four-part test to evaluate "excusable neglect." *Grapsas v. N. Shore Farms Two, Ltd.*, No. 2:16-CV-775 (DRH) (ARL), 2018 WL 1136088, at *2 (E.D.N.Y. Feb. 28, 2018) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "The Supreme Court ultimately held that the determination of 'whether a party's neglect of a deadline is excusable . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission [including] . . . [1] the danger of prejudice to the [other party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.*

The Rule is not intended to be a strict barrier to proceed with cases that may have merit. Indeed, "the history of Rule 25(a) and Rule 6(b) makes it clear that the 90-day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Id.* at *2.

Here, taking into account all relevant circumstances, further extension of the 90-day deadline is warranted. It is clear that both Plaintiff's and Defendant's counsel have been diligent in their attention to this case and in trying to move it toward resolution. After filing the June 13 Letter, Plaintiff's counsel appropriately sought an extension of the 90-day deadline, explaining that Plaintiff's family was still attempting to locate Plaintiff's Will and had not yet commenced any proceedings in Surrogates Court. (DE 11.) Plaintiff's counsel continued to give attention to this matter by conferring with Defendant and Plaintiff's surviving sons to come to a reasonable proposed settlement. (DE 12.) At this point, counsel was operating under the assumption that the Plaintiff's sons would need to commence an estate proceeding in order to effectuate the

7

settlement. (*Id.*)[5] Plaintiff's counsel then advised the Court that he had experienced significant health issues and, with the consent of Defendant, requested a further extension to finalize settlement. (DE 13.) Not long after, Plaintiff's counsel wrote again to the Court offering an update on the matter. (DE 14.) Under these circumstances, it is apparent that Plaintiff's counsel has been acting in good faith. Further, there would be little to no prejudice to Defendant in granting a further extension, especially considering that Defendant has joined in the request for an additional 90 days. (*See* DE 17.) Accordingly, Plaintiffs' motion to extend the time to file a motion to substitute pursuant to Rule 25(a) for an additional 90 days is hereby granted.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to extend the time to move for substitution of deceased Plaintiff Geraldine Gass (DE 17) is hereby granted, and the motion shall be filed on or before June 8, 2023.

Dated: Central Islip, New York
March 24, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[5] Because Rule 25(a) is a procedural rule setting forth the proper method for substituting parties, federal courts must apply federal rules, rather than state rules. *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Sager*, No. 19-CV-2229 (GRB) (ARL), 2022 WL 4392668, at *3-4 (E.D.N.Y. Sept. 23, 2022). Therefore, a party does not need to be formally appointed as a represented estate to be substituted for a decedent. *Id.* ("Although a state court determination can be helpful in identifying a decedent's successor or representative, no such designation is required before a federal court can determine the proper party for substitution.") The Court notes, however, that an attorney for the deceased party is not authorized to file a motion for substitution under Rule 25. *Steward v. City of New York*, No. 04-CV-1508(CBA)(RML), 2007 WL 2693667, at *5 n.3 (E.D.N.Y. Sept. 10, 2007) (citing *Kernisant v. City of New York*, 225 F.R.D. 422, 427, 429 (E.D.N.Y. 2005)). This is because attorneys are not considered parties and their authority to represent a party ends at that party's death. Id. For that reason, "a deceased's attorney is not authorized to file a motion for substitution under Rule 25 unless that attorney has been hired by the administrator of the deceased's estate." *Kernisant*, 225 F.R.D. at 427.